The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IBRAHIM RAHMAN,<br><br>Plaintiff,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC, MERRILL LYNCH & COMPANY, FREDDIE MAC AS TRUSTEE FOR SECURITIZED TRUST FREDDIE MAC MULTICLASS CERTIFICATES SERIES 3305 TRUST, NATIONSTAR MORTGAGE, LLC, BANK OF AMERICA, NA, MORTGAGE ELECTRONIC REGISTRATION SYSTEM ("MERS"), AND DOES 1 THROUGH 100 INCLUSIVE, *et al.*,<br><br>Defendants. | NO. 2:19-cv-530<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court on the "Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief," Dkt. No. 27, filed by Plaintiff Ibrahim Rahman, seeking restraint on a trustee's sale of his home, apparently scheduled to take place on June 21, 2019. Also currently pending are: (1) a Motion to Dismiss filed by Defendant Greenpoint Mortgage Funding, Inc., Dkt. No. 10; and (2) a Motion to Dismiss filed by Defendants Freddie Mac, Mortgage Electronic Registration System, Nationstar Mortgage LLC., Dkt. No. 24. For the following reasons, the Court hereby GRANTS the Motion for Temporary Restraining Order and restrains Defendants from proceeding with the sale of the property until this Court has ruled on the parties' two pending motions to dismiss.

ORDER - 1

Plaintiff, who is proceeding *pro se*, filed a complaint in King County Superior Court on February 13, 2019; Defendants removed this case on April 10, 2019. Dkt. No. 1. Rahman's complaint asserts several causes of action, including "Lack of Standing to Foreclose, Breach of Contract, Quiet Title, Slander of Title, Temporary Restraining Order/Injunctive Relief." Dkt. No. 1, Ex. A. These claims are related to a loan secured by Rahman's home, real property located in Kent, Washington. According to the Complaint, Rahman purchased the home in 2007, with a loan in the amount of $360,000, originated by Greenpoint Mortgage Funding, Inc. Rahman claims that for over ten years, he has timely made payments on the loan, until 2018, when, according to Rahman, the home was damaged in an arson fire. Rahman has not received payments for damage to the home from his insurer, and claims he has thus been unable to repair damage from the fire.

In order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The Court finds that the balance of hardships tips in Plaintiff's favor. This is not a case in which a plaintiff has demonstrated a strong showing of a likelihood of success on the merits: Rahman has failed to respond to the pending motions to dismiss, and he does not deny he has defaulted on the loan and makes no representations that he is capable of continuing to make payments on it going forward. Nevertheless, the Court will be reviewing and ruling on Defendants' motions to dismiss within the coming weeks. In the meantime, allowing the Plaintiff to remain in his home causes Defendants little or no *irreparable* damage. Whatever harm they may suffer can

be easily quantified and may be recouped in damages; not so the losing of one's home. Thus, Plaintiff's "stronger showing" of the irreparable harm associated with losing a home in which one has lived and made payments on for over ten years, overcomes the relatively weak showing he has made regarding a likelihood of success on the merits; and outweighs the lack of irreparable harm Defendants will suffer from waiting to proceed until this Court has ruled on the pending motions to dismiss.

Defendants request that Plaintiff be required to post a bond under Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."). Requiring Plaintiff to post a bond to account for damages that Defendants may incur for having been wrongfully enjoined is reasonable; the amount Defendants request—the total unpaid principal of approximately $20,000—is, under the circumstances, not. The Court therefore orders Plaintiff as a condition of this Order to post a $500.00 bond or to pay $500.00 into the registry of the Court for purposes of security by 1:00 p.m., June 21, 2019, as a reasonable security for any costs or damages sustained by Defendants.

DATED this 20th day of June, 2019.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 3