UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IBRAHIM RAHMAN,<br><br>Plaintiff,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC, MERRILL LYNCH & COMPANY, FREDDIE MAC AS TRUSTEE FOR SECURITIZED TRUST FREDDIE MAC MULTICLASS CERTIFICATES SERIES 3305 TRUST, NATIONSTAR MORTGAGE, LLC, BANK OF AMERICA, NA, MORTGAGE ELECTRONIC REGISTRATION SYSTEM ("MERS"), AND DOES 1 THROUGH 100 INCLUSIVE, *et al.*,<br><br>Defendants. | NO. 2:19-cv-530<br><br>**ORDER GRANTING MOTIONS TO DISMISS FILED BY DEFENDANTS (1)GREENPOINT MORTGAGE; (2) NATIONSTAR, FREDDIE MAC, AND MERS; AND (3) BANK OF AMERICA AND MERRILL LYNCH** |

I. INTRODUCTION

This matter comes before the Court on the three separate Motions to Dismiss filed, respectively, by Defendants (1) Greenpoint Mortgage Funding, Inc. ("Greenpoint") (Dkt No. 10); (2) Nationstar Mortgage LLC ("Nationstar"), Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2017-2 ("Freddie Mac"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (Dkt. No. 24); and (3) Defendants Bank of America, N.A. ("Bank of America") and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") (Dkt. No. 43). For the following reasons, the Court grants all three motions and dismisses

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 1

Plaintiff's Complaint with prejudice and without leave to amend.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 21, 2007, Plaintiff executed a promissory note ("Note") for $360,000, in consideration for a loan (the "Loan") from Greenpoint, for the purchase of real property located at 21811 45th Place S., in Kent, Washington (the "Property"). Compl., ¶ 3; *see also* Ex A to Request for Judicial Notice, Dkt. No. 43-1. Plaintiff also executed at that time a Deed of Trust ("Deed of Trust") securing the Note and encumbering the Property. *Id.*, ¶ 31; *See also* Ex. A to Declaration of Hunter Abell ("Abell Decl."). MERS was named as beneficiary and nominee for Greenpoint, its successors and assigns. *Id.*

In November 2008, MERS assigned its interest in the Deed of Trust to Greenpoint, which in May 2011, assigned its interest in the Deed of Trust to BAC Home Loan Servicing, LP ("BAC"). Exs. B & C to Declaration of Christopher Varallo ("Varallo Decl.").

In November 2012, Plaintiff executed a "Home Affordable Modification Agreement," representing that he was in default or that default was imminent. Compl. ¶ 41; Varallo Decl., Ex. D. That agreement, with Nationstar as Lender, modified the terms of the original Loan, setting forth a new principal balance of $453,069. *Id.*

In December 2018, Bank of America, successor to BAC, assigned its interest in the Deed of Trust to Freddie Mac. *Id.*, Ex. E. On January 8, 2019, Freddie Mac authorized a Notice of Default, indicating that Plaintiff had ceased making payments on the Loan in July 2018. *Id.*, Ex. G. The Notice of Trustee's Sale indicated that as of February 2019 Plaintiff was $17,068.12 in arrears on

---

[1] The Court relies on factual allegations in the Complaint, taken as true for purposes of this motion. The Court may also consider documents whose "authenticity ... is not contested" if "the plaintiff's complaint necessarily relies" on them, and may take judicial notice of matters of public record. Fed. R. Evid. 201; *see Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), citations omitted.

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 2

the loan, with a principal of $352,307.19 remaining. *Id.*, Ex. I at 2.

On or about February 13, 2019, Plaintiff, proceeding *pro se*, filed the instant lawsuit in King County Superior Court, which Defendants removed to this Court based on diversity of the parties. Dkt. No. 1. On June 10, 2019, Plaintiff filed a motion for a Temporary Restraining Order ("TRO"), seeking an injunction of the foreclosure sale of the Property, scheduled to take place in June 2019. The Court granted that motion pending resolution of the instant motions.

On April 18, 2019, Greenpoint filed a motion to dismiss. On May 17, 2019, Nationstar, Freddie Mac and MERS filed a motion to dismiss. And on July 3, 2019, Bank of America and Merrill Lynch filed a motion to dismiss. Taken together, these three motions seek dismissal of all claims against all named Defendants, with prejudice and without leave to amend.

Plaintiff failed to file a response to either of the first two motions to dismiss by the respective deadlines. Instead, on June 21, 2019—approximately six weeks after his first response was due, and two weeks after the second was due—Plaintiff filed a motion to extend, requesting until July 1, 2019 to respond to the motions. Dkt No. 39. Plaintiff's motion to extend the deadlines was untimely and set forth no justification for having missed the deadlines to respond to the motions to dismiss.[2]

On July 11, 2019, Plaintiff filed a "Response to Defendant's Motion to Dismiss" ("Response"). Dkt. No. 44. It is not clear from the response which of the three motions to dismiss Plaintiff is responding to, though the Court presumes it is a response to all three. In his Response, Plaintiff essentially concedes that his Complaint fails to state a claim on which relief can be granted; seeks leave to amend his Complaint by August 2, 2019; and raises an argument concerning a

---

[2] In acknowledgment of Plaintiff's *pro se* status, the Court GRANTS Plaintiff's Motion for Extension of Time, Dkt. No. 21. In the future, no untimely extensions of time will be granted.

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 3

purported UCC-1 filing requirement, discussed further below. Defendants filed three separate replies. Dkt. Nos. 45, 46, 47.

Having reviewed the Complaint, the three Motions to Dismiss, Plaintiff's Response, and the Defendants' Replies to that Response, and all exhibits filed therewith, the Court finds and rules as follows.

## III. DISCUSSION

*A. Standard on Motion to Dismiss*

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court construes the complaint in the light most favorable to the non-moving party, accepting all well-pleaded allegations of material fact as true and drawing all reasonable inferences in favor of the plaintiff. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Iqbal*, 556 U.S. at 678. Furthermore, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir.1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*.

*B. The Complaint Fails to Allege Facts Supporting Any Claim on Which Relief Could Be Granted*

In the Complaint, Plaintiff asserts six "Causes of Action:" Lack of Standing/Wrongful Foreclosure, Breach of Contract, Quiet Title, Slander of Title, Temporary Restraining Order, and Declaratory Relief. Both the "General Allegations" and the outlined Causes of Action in the Complaint are verbose, opaque, and vague where specificity is required, as in the allegations of fraud. *See* Fed. R. Civ. P. 9(b); *see, e.g.*, Compl. ¶ 46 ("Defendants' actions in the processing, handling and attempted foreclosure of this §1031-Exchange involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers."). It is nearly impossible to ascertain what claims are being made against which Defendants, and on what grounds. For this reason alone, dismissal of the Complaint would be appropriate. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Twombly*, 550 U.S. at 546 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.") (citation omitted).

For this reason also, the Court will evaluate the sufficiency of all the claims together. At the outset, it should be noted that Plaintiff does not dispute that he obtained the Loan, or that he signed any of the attendant documents. He does not claim that he has paid off the Loan, or even that he is up to date on his payments. Instead, the gravamen of the Complaint, and the argument underlying all claims, appears to be that the securitization process—including assignments of the Note and/or Deed of Trust, and/or alleged fraud or deficiencies in these transactions—somehow relieved Plaintiff of his obligation to continue to make payments on the Loan.

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 5

Even making allowances for Plaintiff's *pro se* status, the Court is unable to discern a viable claim on which relief may be granted and must dismiss the Complaint. Plaintiff's theory that securitization of his mortgage somehow nullified the underlying debt obligation has been routinely rejected in this district (and beyond). *See, e..g, Young v. Quality Loan Serv. Corp.*, No. C14-1713RSL, 2015 WL 12559901, at *1 (W.D. Wash. July 7, 2015), citing *Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1301 (W.D. Wash. 2015); *Cuddeback v. Bear Stearns Residential Mortg. Corp.*, C12-1300RSM, 2013 WL 5692846, at *3 (W.D. Wash. Sept. 10, 2013); *McCarty v. U.S. Bank, N.A.*, C11-5078RBL, 2012 WL 1751791, at *2 (W.D. Wash. May 16, 2012); *Robinson v. Wells Fargo Bank Nat'l Ass'n*, 2017 WL 2311662, at *4 (W.D. Wash. May 25, 2017) ("securitization and any related assignments do not ordinarily constitute a defense to foreclosure under Washington law unless the borrower shows a genuine risk of paying the same debt twice."). To the extent that Plaintiff claims that his loan was "paid in full" when Greenpoint assigned the mortgage to Merrill Lynch, such argument is "illogical and unsupported," and must be dismissed. *Andrews*, 95 F. Supp. 3d at 1300; *see* Compl. ¶¶ 58-62.

Nor do Plaintiff's other averments support a claim upon which relief can be granted. To the extent that Plaintiff is arguing that Defendants somehow committed fraud or failed to perfect a security interest in his Property, thus relieving him of his repayment obligation, this claim also fails. *See, e.g.*, Compl. ¶ 45 (Defendants "do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest" in the Property.). First, Plaintiff lacks standing to assert such a claim, even if it were valid. *See*, *e.g.*, *Ukpoma v. U.S. Bank Nat. Ass'n*, 2013 WL 1934172, *3 (E.D. Wash. May 9, 2013) ("Even assuming for the sake of argument that the assignments [of a deed of trust] were fraudulently executed, Plaintiff, as a third party, lacks standing to challenge them."); *Borowski v. BNC Mortg., Inc.*, 2013 WL 4522253 (W.D.

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 6

Wash. Aug. 27, 2013) (same). Further, even if Plaintiff did have standing to assert a fraud claim, the allegations in his Complaint fall woefully short of the required specificity of Fed. R. Civ. P. 9(b). It is impossible for the Court—or Defendants—to ascertain what actions, committed by which party, constituted fraud. For this reason as well, his claims fail. Finally, the only factual allegations that the Court can discern concerning the failure to "perfect a security interest" in the Property are that Defendants failed to file a "UCC-1 financing statement." *See* Pl.'s Resp., Dkt. No. 44. This position presupposes that the filing of a UCC-1 financing statement is required under these circumstances to give notice of an interest in real property, which it is not. *See, e.g, Carbon v. Spokane Closing and Escrow, Inc.*, 147 P.3d 605 (2006); *United States v. Neal*, 776 F.3d 645, 649 n.1 (9th Cir. 2015) ("A UCC-1 financing statement is a standardized legal form filed by a creditor giving notice of an interest in the *personal property* of a debtor.") (emphasis added).

Plaintiff also claims that the Note and Deed of Trust have been "split," thereby relieving him of his obligations. *See, e.g.,* Compl. ¶ 54. This unsupported legal theory has also been roundly and uniformly rejected. *See, e.g., Bavand v. OneWest Bank FSB*, No. C12–0254JLR, 2013 WL 1208997, at *2 (W.D. Wash. Mar. 25, 2013) ("[T]he "split the note" theory - the argument that if ownership of a deed of trust is split from ownership of the underlying promissory note, one or both of those documents becomes unenforceable - has been rejected by the Washington Supreme Court, as well as the Ninth Circuit, which concluded that such a theory "has no sound basis in law or logic") citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (2011); *Bain v. Metropolitan Mortg. Grp., Inc.*, 175 Wn. 2d 83 (2012).

What is plain and undisputed is that Plaintiff stopped making payments on the Loan over a year ago; that a balance of over $350,000 remains owing on the Loan, as modified; and that Plaintiff is well over $17,000 behind in his payments. Varallo Decl., Exs. G & I. These facts are fatal to all

of Plaintiff's claims. While the Court may resolve certain ambiguities and pleading deficiencies in favor of a *pro se* plaintiff, it is not required (or allowed) to permit a party to proceed to the discovery stage based on a complaint wholly lacking in legal merit. Failure to state a claim is not a "technicality" as Plaintiff claims; it the very basis for a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Defendants' Motions to Dismiss are granted.

*C. Plaintiff is Denied Leave to Amend*

In his Response to the Motions, Plaintiff requests an opportunity to amend his complaint, which "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). On a 12(b)(6) motion, "a district court should grant leave to amend, . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir.1990).

The Court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir. 1988). Nevertheless, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir.1988). Here, the facts are not in dispute; it is the legal insufficiency of Plaintiff's arguments that dooms his claims. Furthermore, in requesting leave to amend, Plaintiff does not identify any additional facts or legal theories that could save his existing claims or give rise to a viable cause of action. He promises only that an amended complaint would "include fraud" and seek additional remedies for "backpayments, interest and damages." Pl. Resp. at 2, Dkt. No. 44. Plaintiff has also failed to provide a copy of the proposed amended pleading for the Court's review, as required by LCR 15. For these reasons, the Court finds that an amendment would be

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 8

futile and denies Plaintiff's request to amend.

IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS all three pending Motions to Dismiss. The Temporary Restraining Order entered June 20, 2019 (Dkt. No. 37) is hereby lifted, and the Clerk is authorized and directed to draw a check on the funds deposited in the registry of this court in the principal amount of $500 plus all accrued interest, minus any statutory users fees, payable to Ibrahim Rahman and mail or deliver the check to Ibrahim Rahman.

DATED this 5th day of August, 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge